GENEVIEVE F. MOORE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94648. Promulgated April 21, 1939.

*A. F. Hillix, Esq.*, and *Paul F. Moore, Esq.*, for the petitioner.
*Carroll Walker, Esq.*, *Elizabeth B. Fegan, Esq.*, *Arthur H. Fast, Esq.*, and *Irving M. Tullar, Esq.*, for the respondent.

OPINION.

OPPER: The question is whether the petitioner is taxable on income of trust property conveyed by her for the benefit of her six children.

It is first contended by respondent that the provisions of section 167 (a) (1) of the Revenue Acts of 1934 and 1936 are applicable in that the income may be accumulated for the ultimate benefit of the grantor. As we read the trust agreement income may be accumulated, but, in order that such accumulations can ultimately revert to the grantor, the following contingencies would be requisite: Death of all six of grantor's children prior to arriving at the age of 35 (or, as to the "Protective Fund", at any time), without having executed a testamentary power of appointment if at the time of death they are unmarried and have testamentary capacity, and without issue who survive to the age of 35 or for 21 years after the death of the last of the grantor's children.

Only upon the happening of all of these events could any interest in the accumulations revert to the grantor. Since the grantor is 56 years of age and her children range from 16 to 30 years of age, the improbability of the contingency is extreme. Without suggesting that the provisions of section 167 depend for application upon the propinquity or remoteness of the contingency upon which the grantor may take the accumulations, it seems clear that we have here the same "mere 'possibility of reverter'" (cf. *Mary Ryerson Frost*, 38 B. T. A. 1402), of which we said in *William E. Boeing*, 37 B. T. A. 178, 185, "we do not think that where such bare possibility exists the income

of the trust may be said to be 'held or accumulated *for* future distribution to the grantor', within the meaning of section 167."

As a second ground, not mentioned in the deficiency notice and relied upon for the first time in his brief, respondent points to that part of the trust instrument which provides that "the trustees may invest in and/or pay the premiums upon any life insurance contracts or annuities for the benefit or welfare of any beneficiary or beneficiaries hereunder, * * * " as justifying the application to this proceeding of subdivision (a) (3) of section 167.[1]

While on its face section 167 might appear to apply, it has, so far as can be discovered, never been considered applicable even by the respondent as broadly as is now suggested. In *Charles Stewart Mott*, 30 B. T. A. 1040, where the Board held that the payments which could have been made upon life insurance policies were to be taxed to the grantor, it is evident that respondent made no effort to tax the entire income of the trust to him, but only the comparatively small proportion which represented premiums on insurance policies then in force. Even as to these the Board was reversed in 85 Fed. (2d) 315 (C. C. A., 6th Cir.). In *Frank T. Heffelfinger*, 32 B. T. A. 1232, the Commissioner for certain years charged petitioner with premiums paid on an insurance policy and in other years included the entire income of the trust. We said (p. 1234) :

> Clearly the Commissioner erred as to 1928, 1929, and 1930 in including in the petitioner's income more than the part of the income of the trust applicable to the payment of the premiums on the policy.

Apparently, no appeal from this part of the decision was taken by the respondent. The Board's decision, in so far as appealed from, was affirmed by the Circuit Court of Appeals for the Eighth Circuit, 87 Fed. (2d) 991 (certiorari denied, 302 U. S. 690). See also *Frank D. Yuengling*, 27 B. T. A. 782, 784. And the respondent's regulations [2] can be said to justify this position.

It follows that application of the provision in question depends upon the existence in the tax year of policies upon which it would

---

[1] Revenue Acts of 1934 and 1936—

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

* * * * * *

(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction) ;

then such part of the income of the trust shall be included in computing the net income of the grantor.

[2] E. g., Regulations 86, art. 167–1. * * *

(b) * * * Such a distribution also occurs if the income is applied in payment of premiums upon policies of insurance on the grantor's life.

have been physically possible for the trustees to pay premiums and upon the amount of the premiums so payable. There is no evidence in the record as to either of these points, and the form of the deficiency letter avoided in this instance the imposition upon petitioner of the burden of disproving any facts with relation thereto. On both issues therefore the respondent's determination must be overruled.

*Decision will be entered under Rule 50.*